```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/24/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                     :

UNITED STATES OF AMERICA,     :

                                                     :

              -v-                                   :

                                                   :                    1:25-cr-483-GHW

SIFFREDO GONZALEZ               :

                                                 :                        ORDER

------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

       On July 5, 2017, the Honorable William P. Dimitrouleas of the United States District Court for the Southern District of Florida entered judgment sentencing Siffredo Gonzalez to 135 months imprisonment and five years of supervised release. Dkt. No. 2. Mr. Gonzalez had been convicted for his participation in a conspiracy to possess with intent to distribute five kilograms or more of cocaine. *Id.* That crime requires the imposition of a mandatory minimum sentence of 120 months imprisonment and five years of supervised release. *See* 21 U.S.C. § 841(b)(1). On November 3, 2023, Judge Dimitrouleas reduced the defendant's sentence pursuant to 18 U.SC § 3582(c)(2) to 121 months imprisonment to be followed by five years of supervised release. SDFL Dkt. Nos. 61, 63.

       On November 20, 2025, Mr. Gonzalez filed a motion to terminate his supervised release. Dkt. No. 4 (the "Motion"). The Motion indicates that it was brought pursuant to 18 U.S.C. § 3582(c). In his motion, Mr. Gonzalez asserted that he had been released from custody on August 9, 2022, completed an additional two years of home confinement, and had served one year and four months of supervised release. Motion at 1-2.

       In his motion, Mr. Gonzalez argued that the termination of his term of supervised release was warranted under 18 U.S.C. § 3583(c) as a result of the November 1, 2025 amendment to the United States Sentencing Guidelines Manual. Motion at 2. Mr. Gonzalez argued that "18 U.S.C.

3583(c) provides the courts under this new amendment effective on November 1, 2025 that based on certain factors a term of supervise[d] release can be terminated by a defendants conduct and interest of justice." *Id.* (all caps removed). Mr. Gonzalez contended that the amendment "requires the courts to proceed with a 'conduct-based inquiry into continued necessity for supervision.'" *Id.* "The new amendment will give the courts the authority to or not impose supervised release within a writing explanation as to why not." *Id.* at 1.

Mr. Gonzalez asserted that termination of his supervised release is warranted because he "is rehabilitated and has successfully reintegrated to the community." *Id.*at 2. Mr. Gonzalez supported this concluding remark by stating, among other things, that he had completed his term of imprisonment and two years of home detention with no incidents. *Id.* He asserted that he had completed rehabilitation programs and workplace training. *Id.* He stated that he wants his supervised release to end because he "wants to travel to the Dominican Republic to pay his respect to his parents that are buried there." *Id.*

At the outset, Mr. Gonzlez cannot obtain the relief that he requests under 18 U.S.C. § 3582(c), the statute that he cites as the authority for his request. Section 3582 prohibits the modification of a term of imprisonment once it has been imposed, subject to specified exceptions. One of those exceptions is set forth in Section 3582(c)(2), which "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" permits a court to reduce the defendant's sentence, among other things, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

It seems likely that Mr. Gonzalez is aware of, and invokes, 18 U.S.C. § 3582(c)(2) because of the 2023 reduction in his prison sentence, which was implemented pursuant to that statute. But that statute does not apply here for two simple reasons. First, Mr. Gonzalez is requesting a modification

2

of his supervised release, not a reduction of his term of imprisonment. Because of that fact, the governing statute is 18 U.S.C. § 3583(e), not 18 U.S.C. § 3582(c). And, second, in any event, the Sentencing Commission did not make the modifications to the sentencing guidelines implemented in the 2025 Amendments retroactive.

Because Mr. Gonzalez is proceeding *pro se*, the Court construes his Motion "to raise the strongest arguments that [it suggests]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). While Mr. Gonzalez characterizes his motion as having been brought under 18 U.S.C. § 3582(c)(2), the Court has also considered his motion as one for early termination of his supervised release brought pursuant to 18 U.S.C. § 3582(e) and the new policy statement included in Section 5D1.4 of the Sentencing Guidelines.

The 2025 Amendments to the sentencing guidelines do not mandate that a court terminate a defendant's supervised release unless it can make an individualized assessment that continued release is warranted, as the Motion suggests. The 2025 Sentencing Guidelines added a new policy statement in Section 5D1.4(b), which provides that a court "may" "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision," "terminate the remaining term of supervision and discharge the defendant if the court determines, following consultation with the government and the probation officer, that the termination is warranted by the conduct of the defendant and in the interest of justice." U.S.S.G. § 5D1.4(b). Designed "to encourage appropriate use of early termination," the policy statement "restates the court's authority under 18 U.S.C. § 3583(e)(1) to terminate the remaining term of supervision at any time after wone year of supervised release if they court determines, following consultation with the government and the probation officer, that termination is warranted by the conduct of the defendant and in the interest of justice." U.S. Sentencing Commission, Amendments to the Sentencing Guidelines, April 30, 2025, at 34. "Application Note 1(B) specifies factors a court might

consider in determining whether to terminate the remaining term of supervised release." *Id.* at 35.

As described above, the policy statement in Section 5D1.4(b) restates the Court's existing authority to terminate a term of supervised release early pursuant to 18 U.S.C. § 3583(e)(1). Section 3583(e) provides that a court may, after considering the relevant factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). In evaluating an application, the court must consider the relevant factors under 18 U.S.C. § 3553(a), "such as deterrence, public safety, rehabilitation, proportionality, and consistency, when it decides to modify, reduce, or enlarge the term or conditions of supervised release." *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). District courts are not required to make specific findings of fact with respect to the relevant 3553(a) factors. Instead, "a statement that the district court has considered the statutory factors is sufficient." *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (quoting *United States v. Gelb*, 944 F.2d 52, 56–57 (2d Cir. 1991)) (internal quotation and alteration marks omitted).

After reviewing the presentence report in this case and the facts reported in the Motion, and considering the relevant factors under 18 U.S.C. § 3553(a) and the application note to Section 5D1.4(b), the Court concludes that early termination of Mr. Gonzalez's supervised release is inappropriate at this time. Mr. Gonzalez's offense was very serious. Mr. Gonzalez arranged to pick up 83.5 kilograms of cocaine that had been shipped from the Dominican Republic. This was not Mr. Gonzalez's first conviction for a drug-trafficking offense; he committed this offense while on probation for a 2010 drug trafficking conviction. At this point, Mr. Gonzalez has served less than a year and a half of the five year mandatory minimum term of supervised release. Mr. Gonzalez's successful compliance with the conditions of his supervised release to date is worthy of praise. But,

at the same time, this is what is expected of a person under supervised release. *United States v. Fenza*, No. CR 03–0921(ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013).

Having considered the relevant factors under 3553(a), in particular the serious nature of Mr. Gonzalez's initial offense and the continuing need to afford deterrence to criminal conduct, early termination of Mr. Gonzalez's supervised release is not warranted at this time. Nor is it in the interest of justice.

While the Court does not believe that early termination of Mr. Gonzalez's supervised release is warranted at this time, the Court applauds Mr. Gonzalez's continued dedication toward his rehabilitation. The Court encourages Mr. Gonzalez to work with the probation department in connection with any potential future application for a modification of the conditions of his supervised release: As noted above, the Court cannot terminate his supervised release early without first consulting with the probation office and the government. The Court reminds Mr. Gonzalez that he can request the probation department to seek approval for a short-term modification of his supervised release for international travel, as the Court understands he did in 2014 while serving a term of probation in state court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Accordingly, Mr. Gonzalez's request for early termination of his supervised release is DENIED. The Clerk of Court is directed to terminate the motion pending at docket number 4 and to mail a copy of this order to Mr. Gonzalez.

SO ORDERED.

Dated: November 24, 2025

                                                                                  _____
                                                                                  GREGORY H. WOODS
                                                                                  United States District Judge